UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

In Re: NORMANDY FORD
INCORPORATED,

*Debtor.*

---

NORMANDY FORD, INCORPORATED;
CHARLES W. GRIM; ESTHER A. GRIM,
    *Plaintiffs-Appellants,*

v.

FORD MOTOR COMPANY; FORD MOTOR
CREDIT COMPANY,
    *Defendants-Appellees.*

No. 03-1624

Appeal from the United States District Court
for the District of Maryland.
Andre M. Davis, District Judge.
(CA-02-2942-1-AMD)

Argued: December 4, 2003

Decided: January 23, 2004

Before WIDENER, LUTTIG, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

**ARGUED:** Debra Brady Cruz, LEVIN & GANN, P.A., Towson,
Maryland, for Appellants. Nicholas Theodore Christakos, SUTHER-

LAND, ASBILL & BRENNAN, L.L.P., Washington, D.C.; Jeffrey Rhodes, DICKSTEIN, SHAPIRO, MORIN & OSHINSKY, L.L.P., Washington, D.C., for Appellees. **ON BRIEF:** Stephen H. Kaufman, LEVIN & GANN, P.A., Towson, Maryland, for Appellants. George R. Pitts, DICKSTEIN, SHAPIRO, MORIN & OSHINSKY, L.L.P., Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Appellants Normandy Ford, Inc. (Normandy) and Normandy's owners (Mr. and Mrs. Grim) appeal a district court order affirming a bankruptcy court's grant of summary judgment to appellees Ford Motor Co. (Ford Motor) and Ford Motor Credit Co. (Ford Credit) on Normandy's claims arising from the termination of its Ford franchise. Normandy was formerly a car dealership located in Maryland. Ford Motor had franchised Normandy as an authorized dealer pursuant to a Franchise Agreement. Ford Credit had executed with Normandy a Finance Agreement which authorized Normandy to order vehicles from Ford Motor without Ford Credit's prior approval, but under which Normandy was required to hold in trust for Ford Credit the proceeds from vehicle sales to the extent of amounts owed to Ford Credit on vehicle orders.

In 1995, Ford Credit discovered that Normandy had defaulted under the terms of the Finance Agreement by selling vehicles "out of trust" — that is, without remitting the necessary portion of the sales price to Ford Credit. When Normandy's default continued, Ford Credit refused further financing and terminated the line of credit.

In March 1996, Ford Credit sued Normandy to collect outstanding amounts owed. In response, the Grims attempted to sell the dealership

and even executed a purchase/sale agreement with Vincent Sheehy. Ford Motor, however, claimed that Sheehy did not satisfy Ford Motor's requirements and thus refused to approve the transfer of the franchise to him. Instead, Ford Motor approved the transfer of Normandy's franchise to another dealer (Miller Brothers), albeit on somewhat less favorable terms than those offered by Sheehy.

In September that same year, Normandy filed for bankruptcy under Chapter 11. In November, after Normandy had resigned from its status as a Ford dealership, the bankruptcy court approved Normandy's motion for permission to sell the dealership to Miller Brothers.

Appellants then filed the present lawsuit in state court against appellees Ford Motor and Ford Credit, asserting various claims for breach of contract and violation of the Maryland Transportation Code. After appellees removed the case to the bankruptcy court, that court granted summary judgment in favor of appellees on all of Normandy's claims.

On appeal from the bankruptcy court, the district court affirmed. First, with respect to appellants' claim that appellees had breached their contractual obligation of good faith, the district court held that summary judgment had been properly entered because appellants had failed to show any of the requisite coercion or intimidation necessary to support such a claim under Michigan law and the express definition of good faith in the Franchise Agreement. Next, with respect to appellants' claim that appellees had violated Maryland Transportation Code § 15-207 by coercing Normandy into accepting unwanted Ford vehicles, the court held that summary judgment had been properly entered because appellants had entirely failed to produce any evidence of such coercion. With respect to appellants' claim that appellees had violated Maryland Transportation Code § 15-208 by refusing to deliver vehicles that had been advertised for immediate delivery and then ordered from the manufacturer by the dealer, the court held that summary judgment had been properly entered because appellants had never come forward with evidence that the vehicles which appellees allegedly refused to deliver were in fact advertised for immediate delivery. Finally, with respect to appellants' claim of tortious conspiracy, the district court held that summary judgment had been properly

entered because appellants had failed to show any underlying tortious or otherwise wrongful act.

On appeal from the district court's judgment, appellants attempt to recharacterize their breach of contract claim as relying not solely on breach of the contractual obligation of good faith, but also on breach of the specific provision of the Franchise Agreement governing transfer of the franchise. Review of appellants' complaint, however, reveals that appellants never raised a separate claim for breach of the provision governing transfer; rather, appellants themselves limited their complaint to raising a breach of good faith claim, which in turn rested on a number of theories, among one of which was an alleged unreasonable refusal to consent to the transfer of the franchise to Sheehy:

> COUNT II: Breach of Contract
>
> . . . .
>
> Ford had an obligation of good faith and fair dealing in performing its obligations under the Dealer Agreement. Ford breached its obligation of good faith and fair dealing in numerous ways including *inter alia* in failing to and refusing to approve the sale of the dealership to anyone other than the Miller Brothers . . .

J.A. 51. Having pleaded only a claim for breach of good faith, and having had summary judgment entered against them on this claim, appellants cannot now amend their complaint on appeal.

Upon review of the parties' briefs and consideration of their oral arguments, it is hereby ordered that the judgment is affirmed on the reasoning of the district court.

*AFFIRMED.*